# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROWE,<br><br>    Plaintiff,<br><br>v.<br><br>R. BANKS, ,<br><br>    Defendant.<br>_____/ | CASE No.   1:08-cv-00472-AWI-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE<br><br>(ECF No. 8)<br><br>CLERK SHALL CLOSE THE CASE<br><br>CASE SHALL COUNT AS A STRIKE FOR PURPOSES OF 28 U.S.C. § 1915(g) |

## **SCREENING ORDER**

### I.   PROCEDURAL HISTORY

On April 4, 2008, Plaintiff Daniel Rowe, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1). Plaintiff has consented to a Magistrate Judge handling all aspects of this case.  (ECF No. 5).  An order dismissing Plaintiff's First Complaint with leave to amend was issued on February 5, 2010.  (ECF No. 7).  Plaintiff's First Amended Complaint is before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## III. PLAINTIFF'S CLAIM

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v.

Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Plaintiff alleges that the following occurred on August 7, 2007. He was placed in a holding cage in order to be strip searched before entering morning yard. During the search Defendant instructed Plaintiff to squat and cough, to which Plaintiff complied. As Plaintiff was putting on his clothes, Defendant commanded Plaintiff "to bend over, put [Plaintiff's] hands on [Plaintiff's] buttocks and open [Plaintiff's] cheeks wide so [Defendant] could see inside." (Compl. at 5). Plaintiff refused to comply and was denied access to morning yard as a result. (Compl. at 6).

Based on these allegations, Plaintiff claims that Defendant violated his Eighth Amendment rights. However, Plaintiff was previously informed he could not state an Eighth Amendment claim based on alleged verbal sexual harassment. Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ( "Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eight Amendment's protections do not necessarily extend to mere verbal sexual harassment.") (Citations omitted). Specifically, "[a]lthough the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the

-3-

Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the later to be in violation of the constitution." Minifield v. Butikofer, 298 F.Supp.2d 900, 904 (2004) (citing Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000)).

The Court previously informed Plaintiff that he could not state an Eighth Amendment claim unless he alleged that there was some physical contact between himself and Defendant. Despite this guidance, Plaintiff's First Amended Complaint fails to allege that Defendant made physical contact in any way. The First Amended Complaint fails to state a claim for which relief can be granted. See Ornelas v. Giurbino, 358 F.Supp.2d 955, 963 (S.D. Cal. 2005) (verbal offer made by correctional officer to prisoner for sex in exchange for privileges did not state an Eighth Amendment claim for lack of physical contact); Leinweber v. Moore, 2006 WL 3489359, *3 (E.D. Cal. Dec. 4, 2006) (sexually derogatory remarks made by correctional officers and directed toward plaintiff prisoner, without physical contact, were insufficient to state an Eighth Amendment claim).

### IV.     CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not set forth a cognizable claim. Because the Court previously pointed out the deficiency in Plaintiff's claim and Plaintiff failed to cure that deficiency in his amended pleading, the Court finds that further leave to amend is unwarranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's claim is dismissed with prejudice.

2.     The Clerk shall close the case.

3. This case shall count as a strike for purposes of 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:  May 18, 2011                        /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE